IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CUNA MUTUAL INSURANCE SOCIETY,<br><br>    Plaintiff,<br><br>vs.<br><br>JERRY FISCHER,<br><br>    Defendant. | No. C07-0079<br><br>RULING ON MOTION FOR ORDER COMPELLING DISCOVERY |

On the 14th day of September, 2007, this matter came on for telephonic hearing on the Motion for Order Compelling Discovery (docket number 2) filed by the Defendant on August 17, 2007. Plaintiff CUNA Mutual Insurance Society ("CUNA") was represented by its attorney, Kelly R. Baier. Defendant Jerry Fischer ("Fischer") was represented by his attorney, Yara El-Farhan Halloush. At the time of hearing, Ms. Halloush reported that the discovery disputes remaining relate to Requests for Admissions numbers 2 and 9; Answers to Interrogatories numbers 2, 16, 17, and 18; and Responses to Requests for Production numbers 4, 8, 9, 10, 14, and 15.

## REQUESTS FOR ADMISSIONS

On April 16, 2007, Fischer submitted ten Requests for Admissions to CUNA. Request for Admission number 2 asks that CUNA admit that it has "no support" for its claim that Fischer misappropriated trade secrets, and Request for Admission number 9 asks that CUNA admit that it has "no evidence" that any of its customers left CUNA for Allied Solutions, Inc. "as a result of Jerry Fischer becoming employed at Allied Solutions." On May 17, 2007, CUNA filed a timely response to the Requests for Admissions, and simply indicated "deny" in response to Requests numbers 2 and 9.

Fischer argues that CUNA's simple denial of Requests numbers 2 and 9 does not satisfy the requirements of FED. R. CIV. P. 36(a). CUNA argues, on the other hand, that they truthfully responded to the Requests for Admissions and that no further amplification is required. Neither party cites any authority in this regard.

Regarding responses for requests for admissions, the Federal Rules of Civil Procedure provide:

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

FED. R. CIV. P. 36(a).

The Court concludes that the responses by CUNA fully and fairly respond to the specific requests made by Fischer in Requests numbers 2 and 9. CUNA denies that it has "no support" and "no evidence" for its various allegations. Fischer may pursue additional discovery by appropriate interrogatories or depositions in order to establish the basis for those denials.

## ANSWERS TO INTERROGATORIES

In Interrogatory number 2, Fischer asks CUNA to identify "all persons who have knowledge or information relating to the subject matter of this lawsuit." CUNA initially objects to the Interrogatory, stating that "it would require the listing of essentially each employee of CUNA Mutual." Notwithstanding the objection, however, CUNA then lists eight persons (including the Plaintiff) having knowledge, complete with a short description of the information known to that person.

Initially, Fischer argues that the Answers were not served timely and, therefore, any objection is waived. Federal Rule of Civil Procedure 33(b)(3) requires service of a copy of the answers, and objections if any, within 30 days after the service of the

2

interrogatories. In this case, the Interrogatories were apparently served on April 16, 2007, and the Answers were served on June 22, 2007, some sixty-seven days later. "Any ground [for objection to an interrogatory] not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." FED. R. CIV. P. 33(b)(4). At the time of hearing, Mr. Baier argued that the parties were working on a protective order and the Answers were served six days after the protective order was finalized with Ms. Halloush. It would appear from a review of the "Stipulation and Order Protecting Confidential Information," however, that the Order was signed by a judge of the Sixth Judicial District of Iowa on April 30, 2007. *See* docket number 1-2. The Court finds that CUNA has not established "good cause" for failing to file a timely objection and, therefore, the objection is waived.

As indicated above, CUNA identified eight persons (including the Plaintiff) who have knowledge of this claim. As CUNA points out, it is unrealistic for parties to litigation to list literally every person who may have some knowledge regarding a pending action. CUNA is required, however, to list in good faith any persons with relevant first-hand knowledge pertaining to any claim or possible defense. CUNA shall supplement its response to Interrogatory number 2, if necessary.

The parties also disagree regarding Interrogatories numbers 16, 17, and 18. Interrogatory number 16 requests CUNA to "[p]rovide a list of all credit union customers that CUNA Mutual has lost nationwide since August 2006." Interrogatory number 17 requests identical information, but limits the request to the State of Iowa.[1] Initially, CUNA objected to both Interrogatories, arguing that "[t]he information requested is not relevant to the captioned litigation." At the time of hearing, however, Mr. Baier indicated that CUNA no longer has an objection to Interrogatory number 17.

---

[1] Presumably, if CUNA answers Interrogatory number 16, then the answer would necessarily include the information requested in Interrogatory number 17.

3

Fischer argues that the information sought in Interrogatories numbers 16 and 17 is relevant to the issue of damages. That is, CUNA claims that it has lost profits as a result of Fischer's wrongful actions. Fischer claims, on the other hand, that CUNA's loss of business is related to product changes made by the new CEO of the company and are unrelated to Fischer's activities. The parties are entitled to discovery of any matter relevant to the subject matter involved in the action. FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Even if CUNA's objection were otherwise timely, the Court finds that the objection should be overruled and CUNA be required to respond to Interrogatories numbers 16 and 17.

On January 29, 2007, Robert Trunzo, Executive Vice-President and Chief Sales Officer for CUNA, wrote a letter to Tim Chapman, President of Members Community Credit Union in Muscatine, expressing disappointment over losing the credit union as a customer and asking Mr. Chapman to respond to a request for an interview regarding "ways to improve our products and services."[2] In Interrogatory number 18, Fischer requests that CUNA identify the other credit unions who received the letter, the individuals interviewed, and the responses to the questions submitted. CUNA objects, again arguing that the information is not relevant.

The Court finds the objection was not timely filed and was, therefore, waived. The Court further concludes, however, that the requested information appears reasonably calculated to lead to the discovery of admissible evidence. That is, if there is evidence to support Fischer's argument that credit unions were leaving their association with CUNA for reasons unrelated to his activities, then it tends to rebut CUNA's claim that it has suffered damages as a result of Fischer's wrongful activity.

---

[2] *See* Exhibit A attached to the instant Motion for Order Compelling Discovery.

## RESPONSES TO REQUESTS FOR PRODUCTION

At the time of hearing, Ms. Halloush reported that she had received additional responses to Fischer's Requests for Production of Documents on the day prior to the hearing. She had not yet had an opportunity to review the responses, however, and therefore it was difficult to determine what issues remain regarding the requests for production.

One issue remaining in dispute, however, is the production of copies of e-mail correspondence between David Griffiths and Jerry Fischer from January 2006 through the present date, as set forth in Request for Production number 10. CUNA claims that "[w]e have been unable to find any at this time." Fischer knows of the existence of at least one such e-mail, however, and is suspicious of CUNA's efforts in this regard. On September 12, 2007, two days prior to the hearing, CUNA filed an Affidavit signed by Deborah Niemisto, a senior IT manager with CUNA, outlining the difficulties associated with locating e-mail on CUNA's system. Fischer responded by filing a Motion to Strike (docket number 12), objecting to the Court taking notice of the assertions set forth in the Affidavit.

The Court concludes that the record is insufficient for it to make any meaningful rulings on Fischer's Motion to Compel Discovery. If, after reviewing the most recent production of documents, Fischer believes that further court intervention is required, then the matter will be set for further hearing. If the parties are unable to resolve the issue surrounding production of e-mail, then an evidentiary hearing will be required. At that time, Fischer will be required to produce some evidence to suggest that his request is more than a fishing expedition. CUNA will be required to present evidence regarding the availability of the requested information and the expense associated with obtaining that information.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Order Compelling Discovery (docket number 2) filed by the Defendant on August 17, 2007, is hereby **GRANTED** in part and **OVERRULED** in part as follows:

1. CUNA is not required to supplement or amplify its responses to Fischer's Request for Admissions.

2. CUNA shall, within ten (10) following the entry of this Order, supplement its Answers to Interrogatories numbers 2, 16, 17, and 18, or be subject to appropriate sanctions upon further application by Fischer.

3. The Court makes no ruling on the Motion to Compel as it pertains to CUNA's responses to Fischer's Requests for Production of Documents. If further court intervention is required, either party may make an appropriate application with the Court and the matter will be scheduled for further hearing.

DATED this 19th day of September, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

6